WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00660-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Luis Esparza Bojorquez, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Indictment With Prejudice (Doc. 29) and the Government's Motion to Dismiss Indictment Without Prejudice (Doc. 32). For the following reasons, the Court will deny Defendant's Motion to Dismiss Indictment With Prejudice (Doc. 29) and grant the Government's Motion to Dismiss Indictment Without Prejudice (Doc. 32).

**I.    Background**

Defendant was indicted on charges of smuggling goods from the United States and felony receipt of a firearm. (Docs. 8, 10.) At a detention hearing, Magistrate Judge Lynette C. Kimmins ordered Defendant detained pending trial. (Doc. 6; Doc. 29 at 2.) In an Addendum to the Pretrial Services Report, Pretrial Services concluded that Defendant's sister was a viable third-party custodian and recommended that Defendant be released on his own recognizance. (Doc. 11 at 2, 4.) On July 13, 2023, Magistrate Judge Maria S. Aguilera granted Defendant's Motion for Reconsideration of Detention (Doc. 17) and ordered Defendant released on his own recognizance with conditions.

(Doc. 26.) Defense counsel avers that she did not hear from Defendant after Magistrate Judge Aguilera ordered him released; however, Defendant's family informed counsel that Defendant "was never released to their custody and was deported to Mexico shortly after the July 13, 2023 hearing." (Doc. 29 at 3.) Subsequently, Defendant filed the pending Motion to Dismiss Indictment with Prejudice (Doc. 29), and the Government filed a Motion to Dismiss Indictment Without Prejudice (Doc. 32).

**II.    Discussion**

Defendant argues that his indictment in this case should be dismissed with prejudice because the Government violated his Sixth Amendment right to counsel by prioritizing his deportation over his criminal case. (Doc. 29 at 3.) Specifically, Defendant avers that his deportation prevents him from effectively consulting with counsel, reviewing the evidence, and defending himself against the pending charges. (*Id.* at 4.) Furthermore, Defendant contends that dismissal with prejudice is warranted "to ensure that the government's actions are never repeated in future cases." (*Id.* at 6.) The Government does not directly address whether it believes a Sixth Amendment violation occurred. (*See* Doc. 32.) However, it contends that dismissal without prejudice is the more appropriate remedy because it will cure the alleged Sixth Amendment concerns and is a "lesser remedial action available" under *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). (Doc. 32 at 3.) The Government further argues that its Motion to Dismiss Without Prejudice should be granted because it was filed in good faith. (*Id.* at 2.)

A district court may dismiss an indictment under its supervisory powers "to remedy a constitutional or statutory violation" and "to deter future illegal conduct." *Barrera-Moreno*, 951 F.2d at 1091. "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *Id.* at 1092. "Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests."

*United States v. Morrison*, 449 U.S. 361, 364 (1981). "The fact that [Immigration and Customs Enforcement] will not agree or cannot be trusted to delay deportation—that separate agencies within the Executive Branch do not communicate and cooperate—cannot serve to deprive a defendant of his rights under the Constitution." *United States v. Lutz*, No. CR-19-00692-001-TUC-RM (BGM), 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019) (quotations and citations omitted).

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. Defendant's deportation has prevented him from "regularly and privately consulting with counsel." (Doc. 29 at 4.) Therefore, Defendant's deportation during the pendency of this matter has caused him to suffer a violation of his Sixth Amendment right to counsel. *See United States v. Calderon-Lopez*, No. CR19-03027-RM (DTF), 2020 WL 2616034, at *3 (D. Ariz. May 22, 2020) ("Defendant's deportation to Mexico—a result of the prosecution's failure to coordinate with ICE—has violated Defendant's Sixth Amendment right to counsel."); *see also Nordstrom v. Ryan*, 762 F.3d 903, 910 (9th Cir. 2014) ("When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant.").

The Court finds that Defendant's inability to consult with counsel—and his unavailability to face the charges against him—directly results from the Executive Branch's decision to deport him and warrants dismissal of the indictment pursuant to the Court's supervisory powers. The Court is troubled by the government "deporting defendants regardless of the resulting prejudice to criminal prosecutions." *Lutz*, 2019 WL 5892827, at *5. The practice shows an "apparent willingness to prejudice the interests of the people of the United States and the constitutional rights of the accused, with resulting waste of DOJ, court, and defense resources." *Id.*

At this time, the Court concurs with the Government that dismissal without

prejudice is the more appropriate, "lesser remedial action" to end this case and remedy the constitutional violation. *See Barrera-Moreno*, 951 F.2d at 1092. The parties may raise arguments related to the prejudice that resulted from Defendant's deportation if, in the future, Defendant becomes available and is prosecuted on these charges. *See United States v. Coronado-Vejar*, No. CR-19-01962-001-TUC-RM (BGM), 2020 WL 4334983 (D. Ariz. July 28, 2020) (finding defendant's deportation during the pendency of his criminal proceedings violated the Sixth Amendment and, upon reconsideration, dismissing the indictment without prejudice); *United States v. Escobar-Mariscal*, No. CR-19-02777-001-TUC-RM (DTF), 2020 WL 4284406, at *5 (D. Ariz. July 27, 2020) ("dismissal without prejudice is a lesser remedial action than dismissal with prejudice that will adequately remedy" the Sixth Amendment violation resulting from defendant's deportation).

Accordingly,

**IT IS ORDERED** that the Government's Motion to Dismiss Indictment Without Prejudice (Doc. 32) is **granted**. The indictment in the above-captioned case against Defendant Jorge Luis Esparza Bojorquez is hereby **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment With Prejudice (Doc. 29) is **denied**.

Dated this 29th day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge